[Cite as *State v. Newman*, 2023-Ohio-3187.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0463 |
| | : | |
| NATHANIEL NEWMAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 8, 2023

. . . . . . . . . . .

MICHAEL J. SCARPELLI, Attorney for Appellant

ANDREW P. PICKERING, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Nathaniel Newman appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of aggravated possession of drugs, a third-degree felony. Newman was then sentenced to 36 months in prison on the drug charge and an additional, consecutive 12 months for a violation of post-release control. For the reasons that follow, the judgment of the trial court will be

affirmed.

### I.       Facts and Procedural History

{¶ 2} On March 8, 2022, Springfield officers were dispatched on a report of two males attempting to tow a pickup truck in the middle of an intersection; Newman was one of the men. When the officers encountered him, they discovered that there was a warrant for his arrest, and he was taken into custody. During a search incident to the arrest, officers found a small plastic baggy with an unknown substance in it. Lab tests determined that the baggy contained 3.65 grams of methamphetamine.

{¶ 3} In May 2022, Newman was indicted on one count of aggravated possession of drugs, a felony of the third degree; he pled not guilty. Ten months later, on March 28, 2023, Newman appeared before the trial court for a change of plea hearing. He agreed to plead guilty to the possession charge in this case and, in exchange, the State agreed to dismiss two other cases against him. Newman also agreed to waive a presentence investigation and proceed immediately to sentencing.

{¶ 4} During the plea colloquy, Newman admitted he was on post-release control and stated he understood that, because of that, the court could terminate his post-release control and impose a consecutive prison term of one year or the amount of time remaining on post-release control, whichever was greater. Plea Hearing Transcript at 5. After accepting the plea, the trial court rescheduled sentencing to the following day in order to determine how much time Newman had remaining on post-release control. When the sentencing hearing began on March 29, the trial court found that Newman had been on post-release control at the time of the crime and arrest and then sentenced him to 36

months on the aggravated possession of drugs count and one year for the post-release control violation. The court reiterated that the "sentence, by law, must run consecutively to the 36-month prison term so it will be a total sentence of 48 months in prison." Disposition Transcript at 12.

{¶ 5} Newman appeals, raising one assignment of error.

## II. Post-Release Control

{¶ 6} In his assignment of error, Newman alleges that the trial court erred in sentencing him to the additional one-year prison term for the violation of post-release control because "there was no competent evidence in the record to support the * * * PRC sanction." Appellant's Brief at 3. It is his position that the prison sentence was contrary to law because the information the court used to determine that he was on post-release control was not made part of the official record.

{¶ 7} R.C. 2929.141(A)(1) states that, upon a guilty plea to a felony by a person on post-release control at the time of the offense, the court may terminate the term of post-release control and, in addition to any prison term for the new felony, impose a prison term for the post-release control violation. The sentence shall be the greater of 12 months, or the period of post-release control for the earlier felony minus the time the person has spent under post-release control for the earlier felony. *Id.* "If the court elects to impose a prison term, that term must be served consecutively to any prison term imposed for the new felony." *State v. Fultz*, 2d Dist. Champaign No. 2018-CA-22, 2019-Ohio-2593, ¶ 16; R.C. 2929.141(A)(1). "[U]nder this statute the pivotal consideration is whether [the] appellant was on post-release control at the time he committed the present crime." *State*

*v. Bever*, 11th Dist. Lake No. 2010-L-022, 2010-Ohio-6443, ¶ 27. If so, the trial court always has the ability to impose a judicial sanction of 12 months. *State v. Myles*, 3d Dist. Marion No. 9-19-74, 2020-Ohio-3323, ¶ 49.

**{¶ 8}** In this case, Newman admitted at the plea hearing that he was on post-release control. At the disposition, the prosecutor stated on the record that he had contacted Newman's parole officer who confirmed that, based on the projected end date of his post-release control, Newman would have been on post-release control in March 2022 when he was found with methamphetamine. Defense counsel confirmed that he saw the same correspondence, and the court accepted the information. While it is true that there do not appear to be any exhibits in the record showing that Newman was on post-release control when he committed the crime, there was evidence which the court found to be credible and accepted.

**{¶ 9}** Newman criticizes the trial court for proceeding to sentencing without the benefit of reviewing a PSI (which might have contained information related to post-release control), but as the State points out in its brief, this ignores the fact that as part of his plea agreement, he waived a PSI and agreed to be sentenced immediately. Assuming for the sake of argument that it was error, Newman brought it upon himself. *See State v. Seiber*, 56 Ohio St.3d 4, 17, 564 N.E.2d 408 (1990) ("a party cannot take advantage of an error he invited or induced").

**{¶ 10}** Because the court found that Newman was on post-release control when he committed the underlying crime, it was free to impose upon Newman the 12-month judicial sanction for violating the terms of post-release control. The judicial sanction was

not contrary to law, and the assignment of error is overruled.

### III.    Conclusion

**{¶ 11}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.